LISA BLANCO JIMENEZ (SBN: 234671)
ROBERTO JIMENEZ, JR. (SBN: 329050)
NEUMILLER & BEARDSLEE
A PROFESSIONAL CORPORATION
Post Office Box 20
Stockton, CA  95201-3020
Telephone:  (209) 948-8200
Facsimile:   (209) 948-4910
E-Mail:       ljimenez@neumiller.com
                   rjimenez@neumiller.com

Attorneys for Plaintiff MARINA CRIPPEN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINA CRIPPEN, an individual,<br><br>　　　　　　　　　Plaintiff;<br><br>　vs.<br><br>INTERNATIONAL PAPER COMPANY, a New York Corporation; MARVIN HENDERSON, an individual; and DOES 2 through 10, inclusive,<br><br>　　　　　　　　　Defendants. | Case No. 2:23-cv-01107-DAD-CKD<br>[*Removed from San Joaquin Superior Court, Case No. STK-CV-UWT-2023-0004633*]<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR:**<br><br>(1) **FAILURE TO PROVIDE MEAL PERIODS;**<br>(2) **FAILURE TO PROVIDE ADEQUATE WAGE STATEMENTS**<br>(3) **FAILURE TO PAY WAGES DUE UPON SEPARATION;**<br>(4) **EMPLOYMENT DISCRIMINATION BASED ON PREGNANCY (FEHA);**<br>(5) **FAILURE TO REASONABLY ACCOMMODATE;**<br>(6) **RETALIATION FOR REQUESTING OR USING PROTECTED LEAVE;**<br>(7) **FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT EMPLOYMENT DISCRIMINATION;**<br>(8) **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; AND**<br>(9) **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.**<br><br>**AND**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff MARINA CRIPPEN and alleges as follows:

**GENERAL ALLEGATIONS**

1.　　Plaintiff MARINA CRIPPEN (hereinafter, "Plaintiff" or "Ms. Crippen") is an

1

1. individual residing in Stockton, San Joaquin County, California. Plaintiff started working for Defendant INTERNATIONAL PAPER COMPANY (hereafter, "IPC") in the beginning of March 2020 through Select Staffing, a staffing agency, until she was directly employed by IPC on or about July 11, 2020. On or soon after July 11, 2020, Ms. Crippen was under the direct supervision of Defendant MARVIN HENDERSON ("Henderson") ("IPC" and "Henderson" are collectively referred to as "Defendants"). Ms. Crippen was an employee of IPC, working as a Machine Operator Assistant at IPC's facility in Tracy, California until her termination of employment with IPC on April 19, 2022.

2. IPC is a New York corporation doing business in California. Plaintiff is informed and believes and thereon alleges that IPC produces packaging products for shipping of goods.

3. Henderson is an individual. Ms. Crippen is informed and believes that Henderson resides in California, specifically in or around the County of San Joaquin. Throughout all relevant times in this First Amended Complaint, Henderson acted as an employer or person acting on behalf of an employer making him liable to Ms. Crippen under section 558.1 of California's *Labor Code*. Ms. Crippen is further informed and believes that Henderson was and is still employed by IPC.

4. Plaintiff is unaware of the true names and identities of the defendants sued herein as DOES 2 through 10. Plaintiff is informed and believes and thereon alleges that each of these fictitiously-named defendants was an affiliate, agent or employee of the other defendants, actually and substantially participated in the acts complained of herein, and are thus jointly and severally responsible to her. Plaintiff will amend her pleading to allege the true names and identities of the fictitiously-named defendants, if and when ascertained.

5. Plaintiff earned a regular wage of $25.00 per hour and an overtime wage of $37.50 per hour from the date she started working for IPC through August 29, 2020; $25.55 per hour in regular wages and $38.33 in overtime wages from on or about the beginning of September 2020 through at least the end of June 2021; and $26.39 in regular wages and $39.59 in overtime wages from on or about the end of June 2021 through the date of her termination, payable bi-weekly. Plaintiff was regularly assigned to work 12 or more hours per day. Plaintiff worked on average fourteen (14) days per month for IPC. Plaintiff never received a second meal period for any day she

worked 10 hours or more for IPC. As a condition for her employment with IPC, Plaintiff was required to sign a "2nd Meal Period Waiver" on July 10, 2020; however, Ms. Crippen revoked the waiver on the same day. Plaintiff's last day actually worked with IPC was June 30, 2021.

6. From the beginning of her employment with IPC, Henderson instructed Ms. Crippen that she could not take a break beyond 10 minutes after her first lunch period. Henderson further expressed to Ms. Crippen that after their first lunch period, employees would be reprimanded if they took a break longer than 10 minutes. Defendants' practices made it clear to Ms. Crippen that second meal periods for employees of IPC were not allowed. IPC did not pay premiums to Plaintiff for those days that she was prevented or discouraged from taking one or more meal periods. For example, in the week leading to Ms. Crippen's last day worked with IPC, she was entitled to premium pay for June 25, 26, and 27 of 2021 as her available records show that she worked those days at 12 hours or more without a second meal period for IPC. IPC did not pay all wages due to Plaintiff at the time of her termination. It should be noted that Plaintiff requested to inspect all her time records, but IPC did not give Plaintiff copies or allow inspection of all her time records.

7. Plaintiff received Notice of Class Action Settlement for *Arroyo, et al. v. International Paper Company* filed in the United States District Court, Northern District of California under Case Number 5:17-cv-06211-BLF and timely excluded herself from the settlement by E-mail and US Mail.

8. On or about June 23, 2021, Plaintiff discovered she was pregnant, and soon thereafter, informed Margarita Lopez ("Lopez"), Human Resources personnel for IPC, and Henderson.

9. On or about July 1, 2021, Ms. Crippen received a call from Lopez, who explained to her that IPC would not be able to accommodate any pregnancy related work restrictions and that she would need to go out on a disability leave because she was "a liability" to IPC due to her being pregnant. Despite IPC's apparent hesitation to provide a reasonable accommodation to its employees, Plaintiff is informed and believes and, on that basis, alleges that IPC has provided light duty or other accommodations to other employees who requested work restrictions due to workplace injuries but not for those who were pregnant. Plaintiff is informed and believes that IPC would offer

a disabled or injured employee, who was not pregnant but required an accommodation, an assistant to work alongside him/her or job assignments that were not physically demanding to accommodate that employee.

10. From on or about July 2, 2021 through on or about July 5, 2021, Plaintiff did not report for work with IPC due to scheduled days off, the Fourth of July Holiday, and sick leave.

11. On or about July 6, 2021, Plaintiff contacted Henderson, and Henderson explained to Plaintiff that she was not to report to work until further notice.  Soon thereafter, IPC unilaterally decided to place Plaintiff on a leave of absence until her baby was born despite Plaintiff's ability to continue working and her pregnancy not causing an issue for her to do so.  Plaintiff did not request to be placed on a leave of absence during that time.

12. By Work Status Report dated July 21, 2021, Plaintiff was placed on a minor modified activity by her doctor effective July 1, 2021 through September 20, 2021.  Plaintiff's work restrictions increased periodically but minimally due to her pregnancy until her doctor placed her off work from January 18, 2022 through March 29, 2022 pending the birth of her baby.  Despite Plaintiff's ability to work with minimal restrictions, IPC kept Plaintiff on leave since it unilaterally made that decision in July of 2021.  When IPC made the decision to place Plaintiff on leave, her doctor estimated that Plaintiff would be able to return to work at full capacity on September 21, 2021.  Had IPC not placed Plaintiff on an unwanted leave of absence, Plaintiff would have continued working until January 18, 2022.

13. Plaintiff gave birth to her baby on February 16, 2022.

14. On or about March 25, 2022, Plaintiff, by e-mail to Shannon Jaramillo ("Jaramillo"), Human Resource Specialist for IPC requested to take Baby Bonding Leave under the California Family Rights Act ("CFRA") starting at the end of her then current leave.  A few days later, IPC responded to Plaintiff's e-mail and explained that she was not eligible for Baby Bonding leave because she did not complete the requisite amount of working hours for eligibility under the CFRA.  In that response, IPC further requested that Plaintiff confirm whether she would be returning to work no later than April 14, 2022 to prevent termination.

15. On or about April 11, 2022, Plaintiff informed IPC that she was not ready to leave her

infant so soon after giving birth and would not be returning by the time IPC requested. Thereafter, IPC terminated Plaintiff, and it explained that its reason for terminating her was because she exhausted her leave and failed to return to work on April 14, 2022 as specified in IPC's attendance policy.

16. By placing Plaintiff on an unwarranted, unjustified, and unnecessary leave of absence in July of 2021 and by terminating her employment after she requested to spend more time with her infant, IPC tarnished an otherwise exciting and joyful experience for Plaintiff of carrying and welcoming her first born child.

17. Had Plaintiff not been prematurely placed on a leave of absence by IPC in July of 2021, Plaintiff believes that she would have worked more than enough hours with IPC within the year preceding the commencement of her leave on January 18, 2022 or her request for leave made on or about March 25, 2022 making her eligible for leave under the CFRA (i.e., Baby Bonding Leave). Plaintiff believes and thereon alleges that IPC forced her on a leave in July of 2021 to prevent her from being eligible for Baby Bonding Leave under the CFRA.

18. Plaintiff kept IPC reasonably informed of her pregnancy and conditions surrounding it since she first learned of her pregnancy through the date that IPC terminated Plaintiff's employment with it.

19. Plaintiff filed a Complaint of Discrimination with the California Civil Rights Department ("CRD," formerly known as the California Department of Fair Employment and Housing) in a timely manner on October 12, 2022, and the CRD issued a Notice of Case Closure and Right to Sue on May 5, 2023.

## FIRST CAUSE OF ACTION

### (Failure to Provide Second Meal Periods)

20. Plaintiff hereby realleges and incorporates by this reference each of the foregoing allegations as though fully set forth herein.

21. Within the last three years, Defendants failed to provide Plaintiff with a meal period of at least 30-minutes before the end of the tenth hour worked of every workday and failed to pay a premium of one additional hour of pay per workday in which Defendants failed to provide the

meal periods, in violation of Wage Order No. 1 and Labor Code §§ 512 and 226.7. As a result, Plaintiff was damaged in amounts to be proven at trial.

## SECOND CAUSE OF ACTION

**(Failure to Provide Adequate Wage Statements)**

22. Plaintiff hereby realleges and incorporates by this reference each of the foregoing allegations as though fully set forth herein.

23. Within the last three years, Defendants failed to provide Plaintiff with accurate itemized statements in writing properly reflecting all premium pay for missed meal periods owed in violation of Labor Code § 226. (*Naranjo v. Spectrum Security Services, Inc*. (2022) 13 Cal.5th 93, 121 (hereafter, "*Naranjo*").) As a result of Defendants' knowing and intentional failure to comply with Labor Code § 226, Plaintiff was damaged in amounts to be proven at trial.

## THIRD CAUSE OF ACTION

**(Failure to Pay Wages Due Upon Separation)**

24. Plaintiff hereby realleges and incorporates by this reference each of the foregoing allegations as though fully set forth herein.

25. Within the last three years, Defendants failed to pay Plaintiff all premium pay owed at the time of termination. (*Naranjo,* 13 Cal.5th 93.) Such failure to pay all wages due and owing was willful entitling Plaintiff to a waiting time penalty under Labor Code § 203 in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

**(Employment Discrimination Based on Pregnancy – Cal. Gov't Code § 12940(a))**

26. Plaintiff hereby realleges and incorporates by this reference each of the foregoing allegations as though fully set forth herein.

27. At all times herein mentioned, IPC was among the employers covered by the Fair Employment and Housing Act (California Government Code § 12940 *et seq*.) ("FEHA") and Plaintiff was among the employees afforded its protections, specifically, section 12940(a) prohibiting employment discrimination based on sex, including pregnancy. IPC forced Plaintiff into an unwarranted and unjustified leave of absence and terminated Plaintiff in violation of section

1 12940(a) as those actions were taken because of her pregnancy.

2     28.    As a direct, foreseeable and proximate result, Plaintiff was prevented from accruing the hours of service with the employer for purposes of Baby Bonding Leave eligibility. As a further direct, foreseeable and proximate result, Plaintiff suffered and continues to suffer substantial losses in earnings and other employment benefits.

    29.    IPC acted maliciously, fraudulently, and oppressively with the intention of injuring Plaintiff and in conscious disregard of her right to be free from pregnancy discrimination; accordingly, Plaintiff also seeks an award of punitive damages.

## FIFTH CAUSE OF ACTION

**(Failure to Reasonably Accommodate – Cal. Gov't Code § 12945(a)(3))**

    30.    Plaintiff hereby realleges and incorporates by this reference each of the foregoing allegations as though fully set forth herein.

    31.    At all times herein mentioned, IPC was among the employers covered by the FEHA and Plaintiff was among the employees afforded its protections, specifically, section 12945(a) prohibiting IPC to refuse to provide a reasonable accommodation for Plaintiff for a condition related to pregnancy, childbirth, or a related medical condition, if the employee so requests, with the advice of the employee's health care provider.

    32.    Plaintiff requested a reasonable accommodation of modified activity in July 2021, and rather than engaging Plaintiff in a good faith interactive process to find a position suitable for the modified activity, IPC decided Plaintiff was a liability and did not allow her to return to work.

    33.    As a direct, foreseeable and proximate result, Plaintiff was prevented from accruing the hours of service with the employer for purposes of Baby Bonding Leave eligibility. As a further direct, foreseeable and proximate result, Plaintiff suffered and continues to suffer substantial losses in earnings and other employment benefits.

    34.    IPC acted maliciously, fraudulently, and oppressively with the intention of injuring Plaintiff and in conscious disregard of her right to be free from pregnancy discrimination; accordingly, Plaintiff also seeks an award of punitive damages.

/ / /

## SIXTH CAUSE OF ACTION

**(Retaliation for Requesting or Using Protected Leave – Cal. Gov't Code § 12940(h))**

35. Plaintiff hereby realleges and incorporates by this reference each of the foregoing allegations as though fully set forth herein.

36. At all times herein mentioned, IPC was among the employers covered by the FEHA and Plaintiff was among the employees afforded its protections, specifically, section 12940(h), prohibiting IPC from retaliating against Plaintiff for engaging in protected activity, such as, requesting a pregnancy related disability leave and Baby Bonding Leave. Plaintiff requested pregnancy related disability leave and Baby Bonding Leave, and as a result, she was terminated by IPC.

37. As a direct, foreseeable and proximate result, Plaintiff suffered and continues to suffer substantial losses in earnings and other employment benefits.

38. IPC acted maliciously, fraudulently, and oppressively with the intention of injuring Plaintiff and in conscious disregard of her right to be free from pregnancy discrimination; accordingly, Plaintiff also seeks an award of punitive damages.

## SEVENTH CAUSE OF ACTION

**(Failure to Take All Reasonable Steps to Prevent Discrimination – Cal. Gov't Code § 12940(k))**

39. Plaintiff hereby realleges and incorporates by this reference each of the foregoing allegations as though fully set forth herein.

40. At all times herein mentioned, IPC was among the employers covered by the FEHA and Plaintiff was among the employees afforded its protections, specifically, section 12940(k) prohibiting the failure to take all reasonable steps to prevent discrimination. By forcing Plaintiff into an unwarranted and unjustified leave of absence and by terminating Plaintiff because of her pregnancy, IPC failed to take all reasonable steps to prevent discrimination in violation of section 12940(k).

41. As a direct, foreseeable and proximate result, Plaintiff was prevented from accruing the hours of service with the employer for purposes of Baby Bonding Leave eligibility. As a further direct, foreseeable and proximate result, Plaintiff suffered and continues to suffer substantial losses

in earnings and other employment benefits.

42. IPC acted maliciously, fraudulently, and oppressively with the intention of injuring Plaintiff and in conscious disregard of her right to be free from pregnancy discrimination; accordingly, Plaintiff also seeks an award of punitive damages.

## EIGHTH CAUSE OF ACTION

**(Wrongful Termination in Violation of Public Policy)**

43. Plaintiff hereby realleges and incorporates by this reference each of the foregoing allegations as though fully set forth herein.

44. At all times mentioned herein, FEHA together with Article I, Section 8 of the California Constitution articulate a public policy against discriminating against employees or disqualifying persons from pursuing employment because of sex, including pregnancy. IPC terminated Plaintiff in violation of this public policy as that action was taken against Plaintiff because of her pregnancy.

45. As a direct, foreseeable and proximate result, Plaintiff suffered and continues to suffer substantial losses in earnings and other employment benefits.

46. IPC acted maliciously, fraudulently, and oppressively with the intention of injuring Plaintiff and in conscious disregard of her right to be free from pregnancy discrimination; accordingly, Plaintiff also seeks an award of punitive damages.

## NINTH CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress)**

47. Plaintiff hereby realleges and incorporates by this reference each of the foregoing allegations as though fully set forth herein.

48. IPC engaged in discriminatory conduct against Plaintiff, which was outrageous and exceeded all bounds of decency in a civilized society and intended to cause or with reckless disregard of the probability of causing Plaintiff to suffer emotional distress.

49. As a direct, foreseeable and proximate result, Plaintiff suffered humiliation, embarrassment, and severe distress.

50. IPC acted maliciously, fraudulently, and oppressively with the intention of injuring

Plaintiff and in conscious disregard of her health and well-being; accordingly, Plaintiff also seeks an award of punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for entry of judgment against Defendants as follows:

1. For damages (including, but not limited to, unpaid wages, lost earnings and other employment benefits) according to proof;
2. For prejudgment interest according to proof;
3. For emotional distress damages according to proof;
4. For punitive damages according to proof;
5. For costs of suit (including, but not limited to, reasonable attorney's fees pursuant to statute) according to proof; and
6. For such other and further relief as the Court deems appropriate.

Dated: July 20, 2023

NEUMILLER & BEARDSLEE
A PROFESSIONAL CORPORATION

By: /s/ 
LISA BLANCO JIMENEZ
ROBERTO JIMENEZ, JR.

Attorneys for Plaintiff MARINA CRIPPEN

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as to all causes of action in this First Amended Complaint for Damages on which a trial by jury may be had.

Dated: July 20, 2023

NEUMILLER & BEARDSLEE
A PROFESSIONAL CORPORATION

By: _____
LISA BLANCO JIMENEZ
ROBERTO JIMENEZ, JR.

Attorneys for Plaintiff MARINA CRIPPEN