1
2
3
4
5
6
7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

MARINA CRIPPEN,

No. 2:23-cv-01107-DAD-CKD

12

Plaintiff,

13

v.

ORDER GRANTING PLANTIFF'S MOTION TO REMAND THIS ACTION AND DENYING DEFENDANT HENDERSON'S MOTION TO DISMISS

14

INTERNATIONAL PAPER CO., et al.,

15

Defendants.

(Doc. Nos. 16, 28)

16

17

18        This matter is before the court on the plaintiff's motion to remand this action to the San

19   Joaquin County Superior Court.  (Doc. No. 16.)  On September 7, 2023, the pending motion was

20   taken under submission on the papers pursuant to Local Rule 230(g).  (Doc. No. 22.)  For the

21   reasons explained below, the court will grant plaintiff's motion to remand.

22                                      **BACKGROUND**

23        On May 5, 2023, plaintiff filed a complaint initiating this action against her former

24   employer International Paper Co. ("IPC") and unnamed defendants Does 1–10 in the San Joaquin

25   County Superior Court.  (Doc. No. 1 at 17.)  In her original complaint, plaintiff asserted the

26   following ten causes of action:  (1) failure to provide required meal periods in violation of

27   California Labor Code §§ 226.7 and 512 and Wage Order No. 1; (2) failure to provide adequate

28   wage statements in violation of California Labor Code § 226; (3) failure to pay all wages due

1

1  upon separation of employment in violation of California Labor Code §§ 201 and 202;

2  (4) employment discrimination based on pregnancy in violation of 42 U.S.C. § 2000e(k);

3  (5) employment discrimination based on pregnancy in violation of California Government Code

4  § 12940(a); (6) failure to reasonably accommodate in violation of California Government Code

5  § 12945(a)(3); (7) retaliation for requesting or using protected leave in violation of California

6  Government Code § 12940(h); (8) failure to take all reasonable steps to prevent discrimination in

7  violation of California Government Code § 12940(k); (9) wrongful termination in violation of

8  public policy; and (10) intentional infliction of emotional distress ("IIED").  (Doc. No. 1 at 21–

9  26.)

10        On June 9, 2023, IPC removed this action to this federal court pursuant to the court's

11  federal question jurisdiction under 28 U.S.C. §§ 1331, 1441, and 1446, as well as this court's

12  supplemental jurisdiction under 28 U.S.C. § 1367(a), on the grounds that federal question

13  jurisdiction exists because plaintiff's fourth cause of action for discrimination in violation of Title

14  VII of the Civil Rights Act arises under the laws of the United States.  (Doc. No. 1 at 4.)  IPC's

15  notice of removal stated that removal is also proper pursuant to 28 U.S.C. §§ 1332, 1441, and

16  1446, on the grounds that diversity jurisdiction exists because plaintiff and IPC are citizens of

17  different states and the amount in controversy exceeds $75,000.  (*Id*. at 5–6.)

18        On July 7, 2023, IPC filed a motion to dismiss the first, second, and third causes of action

19  of plaintiff's complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).  (Doc.

20  No. 10-1 at 1–2.)  On July 20, 2023, plaintiff filed her first amended complaint ("FAC") pursuant

21  to FRCP 15(a)(1), further explicating her California Labor Code claims, removing her fourth

22  cause of action for discrimination in violation of 42 U.S.C. § 2000e(k), and adding her former

23  supervisor, Marvin Henderson, as a named defendant in this action and asserting her first three

24  state law causes of action against him as well.  (Doc. No. 11.)  In her FAC, plaintiff specifies that

25  she believes that defendant Henderson resides in California, in or around San Joaquin County.

26  (*Id*. at ¶ 3.)  On July 21, 2023, plaintiff filed an opposition to IPC's motion to dismiss, responding

27  substantively but also contending that this court does not have jurisdiction over this action and

28  requesting that the court remand this action to state court *sua sponte*.  (Doc. No. 13 at 2.)  On the

1   same day, the court issued a minute order denying IPC's motion to dismiss as moot in light of

2   plaintiff's FAC superseding the original complaint.  (Doc. No. 11.)  On August 10, 2023, plaintiff

3   filed the pending motion to remand, asserting that the court lacks diversity jurisdiction or federal

4   question jurisdiction.  (Doc. No. 16-1 at 4–5.)  IPC filed an opposition to this motion on August

5   24, 2023, and plaintiff filed her reply thereto on September 5, 2023.  (Doc. Nos. 18, 21.)

6   Subsequently, defendant Henderson filed a motion to dismiss all three claims asserted against him

7   on November 7, 2023.  (Doc. No. 28.)  Plaintiff filed an opposition to this motion on November

8   21, 2023, and defendant Henderson filed his reply thereto on December 1, 2023.  (Doc. Nos. 30,

9   31.)

10   **LEGAL STANDARD**

11        A suit filed in state court may be removed to federal court if the federal court would have

12   had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Removal is proper when a case

13   originally filed in state court presents a federal question or where there is diversity of citizenship

14   among the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331,

15   1332(a).  An action may be removed to federal court on the basis of diversity jurisdiction only

16   where there is complete diversity of citizenship.  *Hunter v. Phillip Morris USA*, 582 F.3d 1039,

17   1043 (9th Cir. 2009).

18        "If at any time before final judgment it appears that the district court lacks subject matter

19   jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "The removal statute is strictly

20   construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to

21   the party invoking the statute."  *California ex rel. Lockyer v. Dynegy, Inc*., 375 F.3d 831, 838 (9th

22   Cir. 2004) (citation omitted); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc*., 582

23   F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is

24   proper.").  If there is any doubt as to the right of removal, a federal court must reject jurisdiction

25   and remand the case to state court.  *Matheson v. Progressive Specialty Ins. Co*., 319 F.3d 1089,

26   1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co*., 372 F.3d 1115, 1118 (9th Cir. 2004).

27   /////

28   /////

**ANALYSIS**

In her pending motion to remand, plaintiff argues that this case should be remanded to state court because this court does not have diversity jurisdiction, does not have federal question jurisdiction, and should decline to exercise supplemental jurisdiction over her state law claims. (Doc. No. 16-1 at 4–9.)  In its opposition, IPC advances a number of arguments against remand, including that the joinder of defendant Henderson does not eliminate subject matter jurisdiction, that post-removal amendments have no effect on jurisdiction, and that the court should retain supplemental jurisdiction over plaintiff's state law claims.  (Doc. No. 18 at 2–9.)  The court will address these arguments and the status of the court's jurisdiction below.

**A.    Diversity Jurisdiction**

An action may be removed to federal court on the basis of diversity jurisdiction only where there is complete diversity of citizenship.  *Hunter*, 582 F.3d at 1043.  Diversity jurisdiction is based on the citizenship of the parties at the time the complaint is filed.  *Co-Efficient Energy Sys. v. CSL Indus., Inc.*, 812 F.2d 556, 557 (9th Cir. 1987).  However, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  "If diversity is the only basis for a district court's subject matter jurisdiction in a removed case, the joinder of a non-diverse defendant divests the district court of jurisdiction."  *Reagan v. Jackson Nat'l Life Ins. Co.*, No. 1:19-cv-1417-AWI-EPG, 2020 WL 1028421, at *1 (E.D. Cal. Mar. 3, 2020) (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001)).

In her pending motion to remand, plaintiff argues that this court does not have diversity jurisdiction because both she and defendant Henderson are domiciled in California.  (Doc. No. 16-1 at 4–5.)  In its opposition, IPC does not dispute the citizenship of the parties and also does not argue that this court should deny joinder of defendant Henderson.  (Doc. No. 18.)  Instead, IPC argues that because there has been no service of process on defendant Henderson, this court is not divested of subject matter jurisdiction.  (*Id*. at 4.)  IPC also argues that even if defendant

/////

1   Henderson were served, this court still should not remand the case to state court because his

2   joinder would not deprive this court of subject matter jurisdiction.  (*Id.* at 5.)

3          First, IPC's argument regarding the status of service of process on defendant Henderson is

4   not relevant to the resolution of the pending motion.  IPC argues that "remanding this case would

5   be improper because Defendant Henderson has not been served, as required by 24 U.S.C.

6   § 1441(b)."  (Doc. No. 18 at 2.)  However, the statute that IPC cites to states that "[a] civil action

7   otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may

8   not be removed if any of the parties in interest properly joined and served as defendants is a

9   citizen of the State in which such action is brought."  24 U.S.C. § 1441(b)(2).  This statute is a

10  limitation on removal, but it provides no limitation or instruction regarding remand following

11  proper removal and subsequent amendment.  IPC does not attempt to explain how the statutory

12  language upon which it relies applies to remand.  (Doc. No. 18.)  As such, the court finds that

13  lack of service on defendant Henderson is not dispositive here.

14         Second, IPC argues that even if defendant Henderson were served, the court should still

15  deny plaintiff's motion to remand because Henderson's joinder "does not affect the propriety of

16  this [c]ourt's original subject matter jurisdiction."  (*Id.* at 5.)  IPC points to a Ninth Circuit

17  decision affirming the district court's determination that diversity jurisdiction was not destroyed

18  by a post-removal joinder.  *Spencer v. U.S. Dist. Ct. for N. Dist. of Cal.*, 393 F.3d 867, 871 (9th

19  Cir. 2004).  However, in *Spencer*, the newly joined party was diverse and the court's diversity

20  jurisdiction was maintained even after joinder of the new defendants.  *See id.* at 868 (explaining

21  that the plaintiffs were citizens of Alaska, the defendant was a citizen of Alabama, and the

22  defendant added in place of a Doe defendant was a citizen of California).  In contrast, here,

23  plaintiff is a citizen of California, and the party she added in place of a Doe defendant, defendant

24  Henderson, is also a citizen of California, thus destroying diversity jurisdiction.  (Doc. No. 11 at

25  ¶¶ 1, 3.)  The decision in *Spencer* is therefore simply not applicable here.  *See McNamara v.*

26  *Wells Fargo Bank, N.A.*, No. 18-cv-07962-MWF-AGR, 2018 WL 6435323, at *3–5 (C.D. Cal.

27  Dec. 7, 2018) (Noting that the Ninth Circuit in *Spencer* declined to decide whether post-removal

28  joinder of a non-diverse defendant was governed by 28 U.S.C. § 1447(e) which states that "[i]f

5

after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court" but acknowledging that all California district courts to have addressed the question had determined that § 1447(e) applied in such circumstances and that if the joinder that would destroy jurisdiction is allowed, remand is mandatory.); *Macut by and through Mebane v. Wabash National Corporation*, 1:22-cv-00231-JLT-CDB, 2022 WL 17752116, at *3 (E.D. Cal. 2022) ("However, *Spencer* dealt with an entirely different question not at issue here: whether the post-removal joinder of a fully-diverse 'forum defendant' ousted the district court of subject matter jurisdiction under 28 U.S.C. § 1441(b).").

As noted above, IPC makes no argument that the court should deny joinder of defendant Henderson.  Instead, IPC simply instructs the court that it has discretion in deciding whether to permit or deny the joinder of a non-diverse defendant.  (Doc. No. 18 at 5)(citing *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).  In her reply, plaintiff states that she properly joined defendant Henderson as a matter of course pursuant to FRCP 15(a)(1), implying that the court lacks the discretion to permit or deny joinder.  (Doc. No. 21 at 2.)

As alluded to above, there has been something of a split of authority amongst district courts in the Ninth Circuit as to whether an amendment to add a non-diverse defendant is governed by Federal Rule of Civil Procedure 15(a) or 28 U.S.C. § 1447(e).  *See, e.g., McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 606 (S.D. Cal. 2014) (stating that "[t]here is a split in authorities" and collecting cases that similarly refer to a split of authority).  However, "[t]he weight of the authority holds that the standards of 28 U.S.C. § 1447(e) apply."  *Marroquin v. Target Corp.*, No. 19-cv-00341-JAK-SS, 2019 WL 2005793, at *4 (C.D. Cal. May 7, 2019); *see also Reyes v. FCA US LLC*, No. 1:20-cv-00833-DAD-SKO, 2020 WL 7224286, at *3 n.1 (E.D. Cal. Dec. 8, 2020) ("This court joins the majority of district courts in the Ninth Circuit in choosing to analyze joinder or amendment of claims to add a non-diverse defendant under § 1447(e) as opposed to Rule 15(a)(1)'s amendment as-of-right standard. . . .  [T]his approach permits courts to determine whether any amendment as of right to add non-diverse defendants is intended to destroy diversity jurisdiction or otherwise thwart federal jurisdiction and allows

courts to consider the full context of the attempted joinder of a non-diverse defendant.") (internal citations and quotations omitted).  Indeed, as also noted above, it appears that all California district courts have determined that § 1447(e) applies in this situation.  *See Macut by and through Mebane,* 2022 WL 17752116, at *3; *McNamara*, 2018 WL 6435323, at *3-5.  The court will again adopt this view and apply the standards of 28 U.S.C. § 1447(e).

According to § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  Whether to permit joinder of a party that will destroy diversity remains in the sound discretion of the court after consideration of six factors:

> (1)  [W]hether the party to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been an unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*Macut by and through Mebane*, 2022 WL 17752116, at *2 (citations omitted).

1.      Need for Joinder under Rule 19(a)

In determining whether to permit joinder of a non-diverse party after removal, the court considers whether the added party would meet Rule 19's standard for a necessary party.  *Jones v. Thyssenkrupp Elevator*, No. 05-cv-03539-EMC, 2005 WL 8177458, at *17 n.5 (N.D. Cal. Dec. 22, 2005).  A proper party for joinder under Rule 19(a) is one "having an interest in the controversy, and who ought to be made a party, in order that the court may act on that rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it."  *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citing *CP Natl. Corp. v. Bonneville Power Admin.,* 928 F.2d 905, 912 (9th Cir.1991)).  Courts have held that this factor favors joinder and remand "when failure to join will lead to separate and redundant actions," but
/////

7

1    not when "defendants are only tangentially related to the cause of action or would not prevent

2    complete relief." *Boon v. Allstate Co*., 229 F. Supp. 2d 1016, 1022 (C.D. Cal. 2002).

3           In the court's view, defendant Henderson likely bears more than a tangential relationship

4    to the causes of action in which he is named.  In her FAC, plaintiff alleges that defendant

5    Henderson gave her explicit instructions and warnings regarding her break times.  (Doc. No. 11 at

6    ¶ 6.)  She also alleges that he is the one who instructed her not to return to work shortly after she

7    discovered she was pregnant.  (*Id*. at ¶¶ 8, 11.)  Based on these allegations, a failure to join could

8    lead to a redundant action filed in a different court, as defendant Henderson is not merely

9    tangentially related to the alleged wrongdoing.  Further, neither defendant has argued that IPC

10   would be able to fully satisfy any judgment rendered in plaintiff's favor.  (Doc. Nos. 18, 28-1.)

11   Together, these considerations weigh in favor of permitting joinder.  *See Reynolds v. Diamond*

12   *Pet Food Processors of California, LLC*, No. 2:15-cv-02118-JAM-AC, 2016 WL 1711671, at *5

13   (E.D. Cal. Apr. 29, 2016) (finding that this factor weighed in favor of joinder where the

14   individual defendants were not tangentially related to the alleged wrongdoing, even though

15   addition of the individual defendants was not necessary to the rendering of judgment as to all of

16   the plaintiff's causes of action); *cf. Baker v. Nutrien Ag Sols., Inc.*, No. 1:21-cv-01490-DAD-

17   SKO, 2022 WL 3142065, at *4 (E.D. Cal. Aug. 5, 2022) (finding that this factor weighed against

18   joinder where the court concluded that the plaintiff could obtain complete relief from the

19   defendant company because it asserted that it would be able to fully satisfy any judgment).

20           2.     Whether the Statute of Limitations Would Preclude a New Action in State Court

21           As for the second factor, joinder is favored if plaintiff would be time-barred from bringing

22   a new action against defendant Henderson by the applicable statute of limitations.  *See Rosas v.*

23   *NFI Indus.*, No. 2:21-cv-00046-WBS-CKD, 2021 WL 1264921, at *3 (E.D. Cal. Apr. 6, 2021).

24   Indeed, here some of plaintiff's causes of action may be time-barred if brought separately.

25   Plaintiff's wage statement claim has a one-year statute of limitations, and her other Labor Code

26   claims are governed by a three-year statute of limitations.  *See Howell v. Leprino Foods Co.*, No.

27   1:18-cv-01404-AWI-BAM, 2020 WL 704778, at *4 (E.D. Cal. Feb. 12, 2020) (citing *Naranjo v.*

28   *Spectrum Sec. Servs., Inc.*, 40 Cal. App. 5th 444, 468 (2019) (finding the one-year statute of

1    limitations applies to a penalty claim brought under § 226) (reversed in part on other grounds);

2    *Montecino v. Spherion Corp.*, 427 F. Supp. 2d 965, 967 (C.D. Cal. 2006) (concluding that a three-

3    year statute of limitations applies to claims brought under §§ 201, 202, and 203); *Murphy v.*

4    *Kenneth Cole Prods., Inc*., 40 Cal. 4th 1094, 1099 (2007) (determining that a three-year statute of

5    limitations governs claims brought under §§ 1194, 226.7)).  Several events alleged in plaintiff's

6    FAC occurred more than one year before the filing of this motion and the issuing of this order,

7    and some allegedly occurred even more than three years prior.  (*See* Doc. No. 11 at ¶ 5 (alleging

8    that "[p]laintiff was required to sign a '2nd Meal Period Waiver' on July 10, 2020" and that

9    "[p]laintiff's last day actually worked with IPC was June 30, 2021.")).  Thus, the court finds that

10    consideration of this factor also weighs in favor of permitting the joinder of defendant Henderson.

11         3.     <u>Timeliness of Joinder</u>

12        As for the third factor, plaintiff filed her FAC less than three months after filing her

13    original complaint and just over a month after the case was removed to this federal court.  (Doc.

14    Nos. 1, 11.)  Three months does not constitute a facially unreasonable delay.  *See Boon*, 229 F.

15    Supp. 2d at 1023.  However, "under § 1447(e), [the] court has discretion to deny joinder of a

16    party whose identity was ascertainable and thus could have been named in the first complaint."

17    *Calderon v. Lowe's Home Ctrs., LLC*, No. 2:15-cv-01140-ODW, 2015 WL 3889289, at *5 (C.D.

18    Cal. June 24, 2015) (internal citations and quotations omitted).  The allegations in plaintiff's

19    original complaint reveal that she has been aware of Mr. Henderson's identity from the outset of

20    this case.  (Doc. No. 1 at ¶ 6.)  Plaintiff provides no reasonable justification for her delay in

21    seeking to join him as a defendant in this action, which may weigh towards denying joinder.  *See*

22    *Maldonado v. City of Oakland*, 01-cv-01970-MEJ, 2002 WL 826801, at *6 (N.D. Cal. Apr. 29,

23    2002) (denying a motion for leave to amend to add three individual defendants where the plaintiff

24    knew their identities eight months prior to the start of the case and could not "adequately explain

25    the undue delay in finally naming them now"); *see also Baker*, 2022 WL 3142065, at *5 (finding

26    consideration of this factor weighed against joinder where the plaintiff filed a FAC joining a non-

27    diverse defendant that she had prior knowledge of over two months after filing her original

28    complaint).  On the other hand, unlike in *Maldonado* or *Baker*, plaintiff filed her FAC within the

21-day window provided by Rule 15(a) following IPC's motion to dismiss, which would weigh in favor of permitting joinder.  (*See* Doc. Nos. 10, 11; *see also Jackson v. Dollar Tree Distribution, Inc*., No. 18-cv-02302-PSG-SK, 2018 WL 2355983, at *4 (C.D. Cal. May 23, 2018) (permitting joinder of the plaintiff's known supervisor and finding no undue delay where the FAC was filed within the time allowed by Rule 15(a))).  Thus, in total, the short time frame of the delay here weighs towards permitting joinder, but plaintiff's failure to identify any reason for the delay in naming Henderson as a defendant weighs against it.  Accordingly, the court concludes that consideration of this factor weighs neutrally.

### 4. Whether Joinder is Intended Solely to Defeat Jurisdiction

For the fourth factor, the court evaluates the motive of a plaintiff in seeking joinder of an additional defendant.  *See IBC Aviation Servs.*, 125 F. Supp. 2d at 1012 (citing *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980)).  Courts "should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court."  *Desert Empire Bank*, at 1376.  "However, suspicion of amendment for the purpose of destroying diversity is not an important factor in this analysis, as section 1447(e) gives courts flexibility in determining how to handle addition of diversity-destroying defendants."  *Dordoni v. FCA US LLC*, No. 5:20-cv-01475-JGB-SHK, 2020 WL 6082132, at *4 (C.D. Cal. Oct. 15, 2020) (citing *IBC Aviation Servs.*, 125 F. Supp. 2d at 1012 (noting that "[t]he legislative history to § 1447(e) . . . suggests that it was intended to undermine the doctrine employed by some courts that amendments which destroyed diversity were to be viewed with suspicion")).  Courts should "decline[] to impute an improper motive to [p]laintiff simply because [p]laintiff seeks to add a non-diverse defendant post-removal."  *IBC Aviation Servs.*, 125 F.Supp.2d at 1012.  Therefore, to evaluate a plaintiff's motivation the court must not operate off suspicion and should instead consider factors such as the plaintiff's awareness of removal, the timing of adding the new defendant, the changes made to the original complaint, and the validity of the claims against the new defendant.  *Baker*, 2022 WL 3142065, at *5–6.

/////

As mentioned, in evaluating motive the court will first consider whether the plaintiff was "aware of the removal" at the time the plaintiff amended her complaint. *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999). Here, because plaintiff filed her FAC over a month after IPC removed this case, plaintiff was undoubtedly "aware of the removal" and the bases of the removal at the time that she amended her complaint. *See Boon*, 229 F. Supp. 2d at 1024. Next, as to timing, courts evaluating a plaintiff's motive for joinder can consider whether the plaintiff provided an explanation as to the wait before asserting claims against the new defendant. *See Chan v. Bucephalus Alternative Energy Grp., LLC*, No. 08-cv-04537 JW, 2009 WL 1108744, at *5 (N.D. Cal. Apr. 24, 2009) (finding consideration of this factor to weigh in favor of joinder where the court was persuaded by plaintiff's reason for not including the new defendant in her original complaint). Here, plaintiff "has not explained why [she] waited to bring claims against [Henderson] until after this action was removed." *Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1284 (C.D. Cal. 2015). In fact, she noted in her FAC that IPC did not give her copies of or allow inspection of all her time records, suggesting that she did not receive access to additional information outside of her control after the filing of her original complaint. (Doc. No. 11 at ¶ 6.) However, the court notes that because IPC conducted no joinder analysis in its opposition to the pending motion to remand, plaintiff may simply not have had an appropriate opportunity to explain the timing of her joinder of Henderson.

Next, in considering motive for joinder, "courts have inferred an improper motive where the plaintiff's proposed amended complaint contained only minor or insignificant changes to the original complaint." *Forward-Rossi v. Jaguar Land Rover N. Am., LLC*, 2:16-cv-00949-CAS-KS, 2016 WL 3396925, at *4 (C.D. Cal. June 13, 2016). In other words, courts evaluate whether "the original and first amended complaints are substantially similar." *Clinco*, 41 F. Supp. 2d at 1083. Here, in comparing the allegations in plaintiff's original complaint to that of the FAC, there are only a few such changes. First, plaintiff has added allegations that she was under the direct supervision of defendant Henderson, who resides in California, acted as an employer or person acting on behalf of an employer, and is still employed by IPC. (Doc. No. 11 at ¶ 3.) Next, she has added allegations that defendant Henderson instructed her that she could not take certain

1   breaks and would be subject to reprimand if she took a break longer than ten minutes.  (Doc. No.

2   11 at 6.)  Finally, plaintiff has now provided three examples based on her records of specific dates

3   in which she worked 12 hours or more without being provided sufficient breaks.  (*Id*.)  Otherwise,

4   plaintiff's FAC contains the same factual allegations as her original complaint.  This court has

5   previously found, when facing a similar level of modification, that because the changes were

6   minor and the two complaints substantially similar, the court could infer an improper motive on

7   behalf of the plaintiff.  *Baker*, 2022 WL 3142065, at *6.

8          However, courts are less likely to find an improper motive, even when an amended

9   complaint contains only minor changes, if the plaintiff has alleged a valid claim against the newly

10   named defendant.  *See Armstrong v. FCA US LLC*, No. 1:19-cv-01275-DAD-SAB, 2020 WL

11   6559232, at *7 (E.D. Cal. Nov. 9, 2020) (finding the motive factor to tip slightly in favor of

12   permitting joinder despite the substantial similarity of the two complaints).  The validity of the

13   claims brought by plaintiff against defendant Henderson is discussed further below as a separate

14   factor in the six-part analysis.  However, for the purposes of determining motive, the court notes

15   that while plaintiff's claims are not facially invalid, there are significant questions as to whether

16   her factual allegations are sufficient to state a claim.  Thus, the court cannot find that the validity

17   of the claims against the new defendant necessarily saves plaintiff from a finding of improper

18   motive.

19          In sum, the court finds that plaintiff's awareness of removal, her lack of explanation for

20   the timing of the joinder, her limited changes to her original complaint, and the questionable

21   sufficiency of her additional claims brought against the newly added defendant weigh towards a

22   finding of improper motive.  However, her possible lack of an opportunity to explain the timing

23   of the joinder, as well as the lack of facial invalidity of her new claims, tilt away from finding an

24   improper motive.  On the whole, the court concludes that consideration of the factor as to

25   plaintiff's motive weighs mildly against permitting joinder.

26          5.      Validity of Plaintiff's Claims Against the Non-Diverse Defendant

27          The fifth factor asks whether the claims brought against the new defendant appear valid

28   and meritorious.  *See Freeman v. Cardinal Health Pharmacy Servs., LLC*, No. 2:14-cv-01994-

1    JAM, 2015 WL 2006183, at *2–4 (E.D. Cal. May 1, 2015). "The existence of a facially

2    legitimate claim against the putative defendant weighs in favor of permitting joinder under

3    [Section] 1447(e)." *Westberg v. FCA US LLC*, No. 1:18-cv-01509-BAM, 2019 WL 3500559, at

4    *3 (E.D. Cal. Aug. 1, 2019) (internal citation and quotation marks omitted). "For the purposes of

5    joinder under § 1447(e), a plaintiff's claim need only be facially viable—the claim need not be

6    plausible nor stated with" particularity. *Reyes*, 2020 WL 7224286, at *8 (citing *Dordoni*, 2020

7    WL 6082132, at *5). This is "not the same as the standard in either a motion to dismiss or a

8    motion for summary judgment." *Sabag v. FCA US, LLC*, No. 2:16-cv-06639-CAS-RAO, 2016

9    WL 6581154, at *6 (C.D. Cal. Nov. 7, 2016).

10         As noted previously, in her FAC plaintiff has joined defendant Henderson and asserted

11   three claims against him under various California Labor Codes. (Doc. No. 11 at 1–2, 5–6.) IPC

12   makes no argument in its opposition to remand that defendant Henderson should not be joined

13   due to the invalidity of the claims asserted against him. (Doc. No. 18.) However, defendant

14   Henderson has filed a motion to dismiss as to all three claims. (Doc. No. 28.) In it, he argues that

15   plaintiff has "fail[ed] to establish" his individual liability under California Labor Code § 558.1.

16   (Doc. No. 28-1 at 10.) In the alternative, he argues that plaintiff's claims against him must be

17   dismissed because her FAC lacks sufficient factual allegations that her lack of meal periods was

18   the result of his conduct, or that his actions were willful, as required under the relevant California

19   Labor Codes. (*Id.* at 14–18.)

20         California Labor Code § 558.1, provides that "[a]ny employer or other person acting on

21   behalf of an employer, who violates, or causes to be violated [various wage and hour provisions]

22   may be held liable as the employer for such violation." Under the applicable Wage Order, an

23   employer is one "who directly or indirectly, or through an agent or any other person, employs or

24   exercises control over the wages, hours, or working conditions of any person." Cal. Code Regs.

25   tit. 8, § 11040(2)(H). An "other person acting on behalf of an employer" is defined as "a natural

26   person who is an owner, director, officer, or managing agent of the employer." Cal. Lab. Code

27   § 558.1(b). "Supervisors who have broad discretionary powers and exercise substantial

28   discretionary authority in the corporation could be managing agents." *White v. Ultramar, Inc.*, 21

Cal. 4th 563, 577 (1999).  However, "supervisors who have no discretionary authority over decisions that ultimately determine corporate policy would not be considered managing agents even though they may have the ability to hire or fire other employees." *Id.*

In this case, plaintiff has made few allegations regarding defendant Henderson's role at IPC.  She alleges that he gave her explicit instructions and warnings regarding her breaks and that he was the person who informed her not to report to work.  (Doc. No. 11 at ¶¶ 6, 11.)  In addition, she alleges that he "acted as an employer or person acting on behalf of an employer."  (*Id.* at ¶ 3.)  These brief and conclusory allegations may indeed fall short of stating a claim against defendant Henderson.  Plaintiff does not allege anything else about Henderson's role, such as in what other specific ways he may have exercised control over plaintiff's wages, hours, and working conditions, for the purposes of asserting his liability as an employer.  Further, she does not allege in what specific ways Henderson had substantial discretionary authority over significant aspects of IPC's business, for the purposes of asserting his liability as a "managing agent" within the "other person acting on behalf of an employer" category.

Despite these apparent deficiencies, the court is unable to conclude that plaintiff's claims brought against defendant Henderson are facially invalid for the purposes of a joinder analysis.  *See Reyes*, 2020 WL 7224286, at *9 (citing *Millican v. Ford Motor Co.*, No. 19-cv-05348-WHA, 2019 WL 7020214, at *2 (N.D. Cal. Dec. 20, 2019) (finding that even though the plaintiffs' claim "may be threadbare . . . the question is not whether plaintiffs will prevail on the merits, or even withstand a Rule 12(b)(6) motion — the question is whether California law obviously forecloses plaintiffs' claim")).  Importantly, while defendant Henderson argues that plaintiff's claims against him should be dismissed without leave to amend, Doc. No. 28-1 at 13–19, he makes no argument that as a matter of law plaintiff "could not possibly recover" against him for Labor Code violations.  *Lytle v. Ford Motor Co.*, No. 2:18-cv-01628-WBS-EFB, 2018 WL 4793800, at *2 (E.D. Cal. Oct. 2, 2018); *see also Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1063 (C.D. Cal. 2012) ("Defendants must show that the relevant state law is so well settled that plaintiff would not be afforded leave to amend his complaint to cure th[e] purported deficiency.").

/////

14

While the specific pleading deficiencies defendant Henderson points out could result in plaintiff's claims against him being dismissed under Rule 12(b)(6), it is also certainly possible that each deficiency could be cured by amendment.  In plaintiff's opposition to defendant Henderson's motion to dismiss, plaintiff argues that Henderson exercised control over her wages, hours, and working conditions "because he controlled her work hours, rest/lunch breaks, and her attendance." (Doc. No. 30 at 10.)  She also argues that an inference to be drawn from her FAC is that Henderson "possessed a degree of discretion in making decisions over significant aspects of IPC's business (i.e., its personnel)." (*Id*. at 12.)  While the FAC itself may not contain sufficient factual allegations to survive a motion under Rule 12(b)(6), California law certainly does not foreclose the causes of action plaintiff has brought, and her arguments suggest to the court that if granted leave to amend, plaintiff may be able to properly state a claim against defendant Henderson under California Labor Code § 558.1 as an employer and/or a managing agent.[1]

Thus, the court cannot conclude that plaintiff's claims are facially invalid, because to do so "would have the court impose a more stringent pleading standard than what is required under § 1447(e)." *Reyes*, 2020 WL 7224286, at *9 (citing *Hall v. Kraft Heinz Food Co. (LLC)*, No. 1:19-cv-00565-LJO-BAM, 2019 WL 2598764, at *3 (E.D. Cal. June 25, 2019) ("Even where presently deficiently pled, where Plaintiffs may amend that claim to cure any arguable defects, it may not be said that it is impossible for them to state a claim against [a non-diverse defendant].")).  Notably, other district courts in California have permitted joinder of non-diverse defendant managers for wage-and-hour claims and concluded that their "citizenship must be considered for diversity purposes." *Guzman v. Peri & Sons Farms of California, LLC*, No. 1:21-cv-00348-JLT-SKO, 2022 WL 17852041, at *7 (E.D. Cal. Dec. 22, 2022) (granting remand where the plaintiff joined her superior and asserted wage and hour violations against him by virtue of California Labor Code § 558.1, and noting that "even very general allegations that a

---

[1]  This distinguishes plaintiff's case from that in which the court has previously found the validity of the claims factor to weigh against joinder. *See Baker*, 2022 WL 3142065, at *7 (denying remand where the plaintiff joined an employee and asserted her negligence claim against him, because under those circumstances individual liability is not available under California Labor Codes and requires additional elements not present in that case).

defendant was a supervisor" can be sufficient for a joinder analysis, "even where the court finds that allegations would likely not survive a Rule 12(b)(6) motion"); *see also Ramirez v. Quad Graphics, Inc.*, No. 23-cv-00062-JGB-KK, 2023 WL 3254979, at *10 (C.D. Cal. May 4, 2023) (granting remand where the plaintiff joined two of his supervisors and asserted wage and hour claims again them pursuant to California Labor Code § 558.1, noting that even if a state court found that the allegations in the complaint were not sufficient to state a claim against them as managing agents, such "a court would likely grant Plaintiff leave to amend" and thereby could find the individual defendants liable). Accordingly, while the allegations against defendant Henderson appear somewhat slim, the court is not convinced that "there is no possibility that the plaintiff could prevail on any cause of action [she] brought against the non-diverse defendant." *Hall*, 2019 WL 2598764, at *3.

In the end, the court concludes that this factor tips in favor of permitting joinder here. As stated above, the court cannot conclude that the claims asserted against defendant Henderson are facially invalid, as they are not "impossible as a matter of California law." *Reyes*, 2020 WL 7224286, at *9. Even though these claims may not be facially valid as currently asserted, given the paucity of allegations stated against defendant Henderson in plaintiff's FAC, the court concludes that this factor slightly favors permitting joinder in light of the standard by which claims are evaluated in making this determination.

### 6. Prejudice to Plaintiff

Finally, the last relevant factor courts consider is whether plaintiff will "suffer undue prejudice if the Court chooses not to exercise its discretion to allow joinder." *Boon*, 229 F. Supp. 2d at 1025 (finding this factor weighed against permitting joinder where the plaintiff alleged a different type of claim, requiring mostly different evidence, against the joined defendant than the original defendant). In this context, prejudice to a plaintiff "exists if the proposed defendant is 'crucial' to the case" and "does not exist if complete relief can be afforded without that defendant." *McCarty v. Johnson & Johnson*, No. 1:10-cv-00350, 2010 WL 2629913, at *9 (E.D. Cal. June 29, 2010); *see also Vasquez v. Wells Fargo Bank, Nat'l Ass'n*, 77 F. Supp. 3d 911 (N.D. Cal. 2015) (finding no prejudice in denying joinder of a holding company that the plaintiff

asserted an unpaid wages claim against without alleging that the holding company was an employer).  In connection with this factor, courts also consider whether denying joinder would have practical effects on the plaintiff's ability to receive relief.  *Reynolds*, 2016 WL 1711671, at *6.

Here, the court does have some question as to whether defendant Henderson is crucial to this case, due to the thin nature of plaintiff's allegations for individual liability against him. However, as noted previously, IPC has made no argument or suggestion that complete relief can be afforded without defendant Henderson, and denying joinder may impact plaintiff's ability to file a timely claim against him.  *See id.* at *6 (permitting amendment and granting remand where the applicable statute of limitations was two years and several events alleged in the plaintiff's FAC occurred more than two years prior).  Further, plaintiff's claims against defendant Henderson arose out of the same set of circumstances as her claims asserted against IPC.  (Doc. No. 11 at 2–5.)  If the court were to deny joinder, plaintiff may face significant expenses associated with pursuing similar litigation in separate forums.  *See Reyes*, 2020 WL 7224286, at *10 (finding the prejudice factor to weigh in favor of permitting joinder where the plaintiff's claims against the original defendant and the added individual defendant arose "out of the same transaction or occurrence").  Accordingly, the court concludes that consideration of this final factor also tips slightly in favor of permitting joinder.

In considering all six § 1447(e) factors, the court finds that this case presents a somewhat close call as to joinder, with four factors pointing towards permitting joinder but to varying degrees, one factor weighing neutrally, and one factor pointing against.  There is little guidance from the Ninth Circuit as to how a court should weigh these factors against each other, and as a result some courts assign each factor equal weight, and some do not.  *See McNamara*, 2018 WL 6435323, at *5 (permitting joinder where the majority, or four of the six factors, weighed in favor of doing so); *Righetti v. Shell Oil Co.*, 711 F. Supp. 531 (N.D. Cal. 1989) (deciding only to give weight to the timing, validity of claims, and prejudice factors in analyzing under § 1447(e)); *see also Jackson*, 2018 WL 2355983, at *7 (finding that the two factors regarding plaintiff's lack of delay and assertion of one "potentially valid" claim against the joined defendant outweighed the

17

1  other four factors).  In the absence of a clear standard, the court will consider each factor with

2  approximately equal weight and conclude that on the whole they suggest permitting joinder in

3  this case, although not overwhelmingly so.

4      Plaintiff's joinder of defendant Henderson is therefore proper and the court will exercise

5  its discretion to permit joinder in this action, which destroys complete diversity of citizenship.

6      To determine if the court nonetheless has subject matter jurisdiction over this action, the

7  court will address the existence of federal question jurisdiction below.

8  **B.**      **Federal Question Jurisdiction**

9      "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded

10  complaint rule,' which provides that federal jurisdiction exists only when a federal question is

11  presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*,

12  215 F.3d 1005, 1014 (9th Cir. 2000); *see also Dynegy*, 375 F.3d at 838.  Under the well-pleaded

13  complaint rule, courts look to what "necessarily appears in the plaintiff's statement of his own

14  claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses

15  which it is thought the defendant may interpose." *California*, 215 F.3d at 1014.

16      In her motion to remand, plaintiff argues that this court does not have federal question

17  jurisdiction because none of the causes of action asserted in her FAC are created by federal law

18  and there are no significant federal issues implicated.  (Doc. No. 16-1 at 5.)  In its opposition, IPC

19  argues that post-removal amendments to the pleadings have no effect on removal.  (Doc. No. 18

20  at 3.)  IPC's argument is based on Ninth Circuit precedent holding that for federal question

21  jurisdiction, "the propriety of removal is determined solely on the basis of the pleadings filed in

22  state court." *Williams v. Costco Wholesale Corp*., 471 F.3d 975, 976 (9th Cir. 2006) (citing

23  *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998),

24  *abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning,* 578 U.S.

25  374 (2016)); *see also Sparta Surgical*, 159 F.3d at 1213 (noting that "jurisdiction must be

26  analyzed on the basis of the pleadings filed at the time of removal without reference to

27  subsequent amendments" and "[b]ecause of this rule, a plaintiff may not compel remand by

28  amending a complaint to eliminate the federal question upon which removal was based").

18

However, "[d]istrict courts have interpreted *Sparta* to leave room for discretionary remand." *Herd v. Smart & Final Stores LLC*, No. 20-cv-08873-MWF-SK, 2020 WL 6940699, at *2 (C.D. Cal. Nov. 25, 2020).  While the court in *Sparta* held that "no right to remand existed, the Ninth Circuit did not address whether the court could have remanded by exercising its discretion." *Bay Area Surgical Mgmt., LLC. v. United Healthcare Ins. Co*., No. 12-cv-01421-SI, 2012 WL 3235999, at *5 (N.D. Cal. Aug. 6, 2012) (granting remand and noting that "although *Sparta* held that no right to remand existed, the Ninth Circuit did not address whether the court could have remanded by exercising its discretion to decline supplemental jurisdiction over the remaining state court claims") (internal quotations and citations omitted); *Hodges v. In Shape Health Clubs, LLC*, No. 2:17-cv-01274-JAM-DB, 2017 WL 4386052, at *2 (E.D. Cal. Oct. 3, 2017).  Indeed, the Ninth Circuit has held that remand may still be appropriate where the plaintiff amends her complaint to remove federal claims and moves for remand without delay.  *Baddie v. Berkeley Farms, Inc*., 64 F.3d 487, 490–91 (9th Cir. 1995) (granting remand where the plaintiffs "dismissed their federal claims and moved for remand with all due speed after removal").

Here, plaintiff amended her complaint to remove her federal claim on July 20, 2023.  (Doc. No. 11.)  The next day, plaintiff filed an opposition to IPC's motion to dismiss, in which she requested the court to remand this action *sua sponte*.  (Doc. No. 13.)  When the court denied IPC's motion to dismiss without addressing the request to remand *sua sponte*, plaintiff filed her pending motion to remand within three weeks.  (Doc. Nos. 14, 16.)  Thus, remand may still be proper and the decision in *Sparta* "is not determinative of this motion."  *Moyles v. Johnson Controls,* Inc., No. cv-05885-FCD-KJM, 2005 WL 1561519, at *3 (E.D. Cal. June 29, 2005) ("[T]he Ninth Circuit [in *Baddie*] has acknowledged, in a case analogous to the present one, that remand is proper where plaintiffs amend their complaint to remove their federal claims and move for remand without delay."); *see also Dirauf v. Berger*, 57 F.4th 101, 109 & n. 8 (3d. Cir. 2022); *Harris v. City of San Diego*, No. 23-cv-739-LL-SBC, 2023 WL 5202261, at *2 (S.D. Cal. Aug. 14, 2023) ("A plaintiff can make a tactical decision to abandon a federal claim after removal.")

/////

/////

In her FAC plaintiff no longer raises a federal claim.  Accordingly, the court finds that it has the discretion to remand this case to state court and will next turn to the question of whether it should elect to exercise supplemental jurisdiction over plaintiff's remaining state law claims.

**C.      Supplemental Jurisdiction**

Because the court had jurisdiction over plaintiff's claims at the time of removal, IPC asks the court to retain supplemental jurisdiction over plaintiff's current claims under 28 U.S.C. § 1367.  (Doc. No. 18 at 6.)  Federal courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  However, as the parties agree, "[t]he decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal law claims have been dismissed lies within the district court's discretion."  *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2003).  Typically, when "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

The court finds that this is such a typical case.  Litigating plaintiff's state law claims in federal court would not further judicial economy due to this case still being in its early stages. *See Brooks v. FCI Lender Servs., Inc*, No. 2:16-cv-02598-KJM-KJN, 2018 WL 495634, at *2 (E.D. Cal. Jan. 22, 2018) (declining to exercise supplemental jurisdiction where the case was still in the pleading stages); *Gonzalez v. Cal. Highway Patrol*, No. 2:21-cv-00287-KJM-JDP, 2021 WL 3565306, at *2 (E.D. Cal. Aug. 12, 2021) (remand is favored where "[t]he court has expended few judicial resources on the action").  As to convenience, plaintiff argues that the state forum is more convenient than the federal forum, and defendant IPC advances no argument in response to that assertion.  (*See* Doc. No. 21 at 4) (arguing that San Joaquin County is where the alleged "unlawful actions occurred" and where most witnesses are located).  As to fairness, "there is no reason to doubt that the state court will provide an equally fair adjudication of the plaintiff's claims."  *Ramos v. Los Rios Cmty. Coll. Dist.*, No. 2:17-cv-01458-WBS-KJN, 2018 WL 5809279,

at *1 (E.D. Cal. Nov. 6, 2018) (granting remand to the Sacramento County Superior Court).  As

to comity, this factor "weighs in favor of declining to exercise supplemental jurisdiction over

plaintiff's remaining state law claim because the state court is competent to hear such claims and

may have a better understanding of the relevant state law." *Escobar v. Capstone Logistics, LLC*,

No. 2:20-cv-02501-WBS-JDP, 2021 WL 913174, at *4 (E.D. Cal. Mar. 10, 2021) (granting

remand of the plaintiff's state law wage-and-hour claims to the San Joaquin County Superior

Court).

Finally, IPC urges the court to exercise supplemental jurisdiction because plaintiff

dropped her federal claim in an "attempt to manipulate the forum." (Doc. No. 18 at 7.)  However,

plaintiff's choice in moving to remand after amending out her lone federal cause of action is a

"straight-forward tactical decision." *Baddie*, 64 F.3d at 491.  The court thus finds that "there has

been no showing that there was anything manipulative" about plaintiff's actions in this regard.

*Metcalf v. Countrywide Fin. Corp.*, No. 09-cv-02707-EDL, 2009 WL 2485750, at *3 (N.D. Cal.

Aug. 11, 2009) (granting remand where the plaintiff made the tactical decision to eliminate her

federal claims).

In total, the court concludes that the balance of the factors weighs in favor of remand.

Accordingly, the court will decline to exercise supplemental jurisdiction over plaintiff's state law

claims.  In the absence of subject matter jurisdiction, the court will grant plaintiff's motion to

remand this action.  Due to lack of jurisdiction, defendant Henderson's pending motion to dismiss

will also be denied as moot.

## CONCLUSION

For the reasons set forth above,

1.      Plaintiff's motion to remand this action (Doc. No. 16) is granted;

2.      Defendant Henderson's motion to dismiss (Doc. No. 28) is denied as moot;

/////

/////

/////

/////

3.      This action is remanded to the San Joaquin County Superior Court, pursuant to 28

U.S.C. § 1447(c), for lack of subject matter jurisdiction; and

4.      The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:    **March 18, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

22